# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:09-cv-01993-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KELLEY HARRINGTON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement**

Plaintiff William Nible, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 13, 2009.[1]  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any

---

[1] Although Mr. Nible purports to bring this as a class action, he is not an attorney and he is proceeding without counsel.  A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000).  While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  Therefore, this action shall proceed with Mr. Nible as the sole plaintiff.

1

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Claims

### A. Summary of Allegations

Plaintiff is incarcerated at Kern Valley State Prison (KVSP), and he brings this action for violation of his rights under the Eighth Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and California law. Plaintiff's claims arise out of the exercise and recreation policies in place at KVSP.

Inmates in the A1A privilege group are receiving six to eight hours of recreation time per week, which falls below the ten hours per week they are supposed to receive pursuant to state regulations. Inmates in the A1A privilege group work and "program" the most, but they receive fewer recreation hours than inmates in the A2B privilege group, who do not work. Plaintiff contends

///

that KVSP is able to comply with the state-mandated weekly ten hour recreation requirement, but it is intentionally failing to do so.

Plaintiff names Warden Kelley Harrington, former Warden A. Hedgpeth, Associate Warden D. D. Ortiz, Captain P. R. Sanchez, Captain Soto, Sergeant Sell, Sergeant R. Barrett, and Does 1-100 as defendants. Plaintiff seeks declaratory relief, injunctive relief, and damages.

### B. Federal Claims

#### 1. Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Inmates have a constitutional right to outdoor exercise under the Eighth Amendment. Thomas, 611 F.3d at 1151-52. However, Plaintiff's allegations are not sufficient to satisfy either the objective component or the subjective component of an Eighth Amendment claim. Id. at 1150-51. Inmates receive between six and eight hours of outdoor exercise per week, approximately. Although Plaintiff alleges this falls below that which they are entitled to receive under state regulations, the violation of California regulations provides no basis for the imposition of liability under the Eighth Amendment and the Court declines to find that approximately one hour of outdoor exercise per day falls below the constitutional minimum. Id. at 1151-52. Plaintiff fails to state a claim.

#### 2. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff

3

must first demonstrate the existence of a protected liberty interest. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's complaint does not set forth any facts supporting a claim that he was deprived of a protected liberty interest without the process he is due under federal law. Plaintiff fails to state a claim.

### 3. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). An equal protection claim may be established by showing that the plaintiff was intentionally discriminated against based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges a claim for denial of equal protection, his complaint is devoid of any facts supporting such a claim.

### C. State Law Claims

Finally, Plaintiff alleges violations of state regulations and the California Constitution. The violation of state law provides no basis for the imposition of liability under section 1983. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Sweaney v. Ada County, Idaho, 119 F.3d 1385,

1391 (9th Cir. 1997).  However, if Plaintiff is able to amend to state a federal claim for relief, the Court may exercise supplemental jurisdiction over viable state law claims.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiff is informed that the violation of Title 15 regulations will not support a claim for relief.  The Court is unaware of any authority for the proposition that there is a private right of action available to Plaintiff for violation of prison regulations.  See Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).

Further, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2]  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007); State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee under state law, Plaintiff must allege compliance with the Tort Claims Act.  Shirk, 164 P.3d at 634; Bodde, 90 P.3d at 119; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

**III.    Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

---

[2] Formerly known as the State Board of Control.

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
2 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
3 Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient]
4 to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations
5 omitted).

6    Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
7 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
8 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.
9 Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
10 amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,
11 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

12    Based on the foregoing, it is HEREBY ORDERED that:
13    1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
14    2.   Plaintiff's complaint, filed November 13, 2009, is dismissed for failure to state a
15         claim upon which relief may be granted;
16    3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
17         amended complaint; and
18    4.   If Plaintiff fails to file an amended complaint in compliance with this order, this
19         action will be dismissed, with prejudice, for failure to state a claim.

23 IT IS SO ORDERED.
24 **Dated:    February 7, 2011**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE