# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:09-cv-01993-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND COUNTING DISMISSAL AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| v. | |
| KELLEY HARRINGTON, et al., | |
| Defendants. | (Doc. 18) |

## Screening Order

### I. Screening Requirement

Plaintiff William Nible, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 13, 2009. On February 8, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on May 9, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader
2 is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4 do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell
5 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required
6 to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.
7 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,
8 legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

9    Under section 1983, Plaintiff must demonstrate that each defendant personally participated
10 in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th
11 Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim
12 for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
13 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal,
14 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.    Plaintiff's Claims**

    **A.    Summary of Allegations**

Plaintiff is incarcerated at Kern Valley State Prison (KVSP), and he brings this action against Warden Kelley Harrington, Warden A. Hedgpeth, Associate Warden D. D. Ortiz, Captain P. R. Sanchez, Captain E. G. Flores, Captain J. Soto, Sergeant A. A. Sell, Sergeant R. Barrett, and Does 1-100 for the violation of his rights under the Eighth Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and California law.  Plaintiff's claims arise out of the exercise and recreation policies in place at KVSP.

In his original complaint, Plaintiff alleged that inmates in the A1A privilege group receive six to eight hours of recreation time per week, which falls below the ten hours per week they are supposed to receive pursuant to state regulations.  Even though inmates in the A1A privilege group work and "program" the most, they receive fewer recreation hours than inmates in the A2B privilege group, who do not work.  Plaintiff alleged that KVSP is able to comply with the state-mandated weekly ten hour recreation requirement, but it is intentionally failing to do so.

In his amended complaint, the bases for Plaintiff's claims are even less specific, but Plaintiff alleges that he is receiving 2 ½ hours of outdoor exercise on Saturdays and Sundays, along with an unknown amount of indoor recreation time, although Plaintiff alleges that this does not count as outdoor exercise.

Plaintiff alleges that Defendants Hedgpeth, Harrington, Ortiz, Soto, Sell, and Barrett implemented "underground regulations" via the Department Operations Manual (DOM) which deny Plaintiff the minimal civilized measure of life's necessities through the deprivation of fresh air and exercise, and that on April 21, 2008, Defendant Hedgpeth signed a DOM supplement directing any questions to Defendant Flores, which violated Plaintiff's Eighth Amendment rights. Plaintiff also alleges that Defendants Hedgpeth, Harrington, Ortiz, Soto, Sell, and Barrett directly participated in implementing yard policies and practices, signed paperwork denying challenges to yard policies and practices, or drafted memoranda instructing lower-level guards.

Plaintiff alleges the creation of a liberty interest in access to yard, recreation activities, and entertainment activities during non-working/training hours pursuant to Cal. Code Regs., tit. 15 § 3044(d)(3)(E) (2011), and he contends that he is being denied access to the yard as provided for in section (d)(3)(E).[1]

**B.     Federal Claims**

**1.     Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847,

---

[1] The section provides, as a privilege for Privilege Group A inmates, access to yard, recreation and entertainment activities during the inmate's non-working/training hours, limited only by security needs.

114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Inmates have a constitutional right to exercise and the denial of out-of-cell exercise for an extended period of time is sufficiently serious to state a claim under the Eighth Amendment. Thomas, 611 F.3d at 1151-52. Here, however, Plaintiff's allegations fall short of supporting a plausible claim for relief based on unconstitutional conditions arising out of inadequate out-of-cell exercise. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. In his original complaint, Plaintiff alleged that inmates receive between six and eight hours of outdoor exercise per week, approximately, and in his amended complaint, Plaintiff alleges that he receives five hours of outdoor exercise on weekends. In addition, although the surrounding circumstances are not clear, Plaintiff gets an unspecified amount of indoor recreation time.[2] (Amend. Comp., ¶23.) Thus, while the total number of out-of-cell exercise hours Plaintiff gets per week is not clear, he gets more than five hours per week of out-of-cell exercise and as an A1A inmate, he holds a job, he has other privileges, and he is not confined to his cell for the majority of each twenty-four hour day as are those inmates with a more restrictive custody status, such as those in Administrative Segregation or the Security Housing Unit. Compare Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (holding that ninety minutes of exercise per week is not sufficient for inmates in administrative segregation who spend the bulk of their time inside their cells, but upholding as corrective of the violation the lower court's order requiring jail officials to allow those inmates to exercise at least two days a week for at least two hours total per week); also Noble v. Adams, 636 F.3d 525, 527 (9th Cir. 2011) (no outdoor exercise or other privileges for approximately fifteen months); Hebbe v. Pliler, 627 F.3d 338, 343-44 (9th Cir. 2010) (inmate permitted out of his cell for only eight hours a week and impermissibly required to choose between exercise and law library access during those hours); Thomas, 611 F.3d at 1151-52 (no out-of-cell exercise for thirteen months); LeMaire v. Maass, 12

---

[2] Plaintiff's original complaint is more detailed than his amended complaint in terms of specific prison conditions. In that complaint, Plaintiff alleged that A1A inmates were receiving six to eight hours of recreation time per week. Total recreation time appears to consist of both indoor and outdoor recreation time and the five hours set forth by Plaintiff in his amended complaint is for outdoor recreation, not out-of-cell recreation. (Doc. 1, Comp., court record p. 9-11; Doc. 18, Amend. Comp., ¶¶17, 23.).

4

F.3d 1444, 1457-58 (9th Cir. 1993) (no out-of-cell exercise for most of a five-year period); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (in-cell confinement for almost twenty-four hours a day and forty-five minutes of outside exercise per week for a six-week period); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (fewer than five hours of exercise per week and no outdoor exercise for some inmates over a period of years).

Although Plaintiff alleges that the time he gets for outdoor exercise falls below that which he is entitled to receive under state regulations, the violation of California regulations provides no basis for the imposition of liability under the Eighth Amendment. There is no bright line in terms of how many hours of out-of-cell exercise per week satisfy the Constitution, but the vague conditions described by Plaintiff in his amended complaint do not support a plausible claim arising out of conditions so grave that they run afoul of the Constitution. E.g., Noble, 636 F.3d at 527; Hebbe, 627 F.3d at 343-44; Thomas, 611 F.3d at 1151-52; Pierce, 526 F.3d at 1211-13; LeMaire, 12 F.3d at 1457-58; Allen, 48 F.3d at 1087; Spain, 600 F.2d at 199. Further, although Plaintiff alleges that Defendants were involved in the policies or practices that limited his outdoor exercise time, those policies or practices and Defendants' involvement in the violation of Plaintiff's rights remain, at best, very vague. For these reasons, the Court finds that there are insufficient facts to support a plausible claim against Defendants for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health or safety through the denial of adequate exercise. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969; also Farmer, 511 U.S. at 847.

### 2. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first demonstrate the existence of a protected liberty interest. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to

freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Although Plaintiff alleges that he was deprived of a liberty interest without due process, Plaintiff's amended complaint does not contain any facts supporting the existence of a protected liberty interest and Plaintiff's claim therefore fails as a matter of law. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484.

### 3. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). An equal protection claim may be established by showing that Plaintiff was intentionally discriminated against based on his membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges a claim for denial of equal protection, but his amended complaint sets forth no facts supporting a claim that Defendants intentionally discriminated against him. Plaintiff's vague allegations that he was impermissibly treated differently than other similarly situated inmates are insufficient to support a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously given leave to amend, but he was unable to cure the deficiencies in his claims and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly,

///

1 | this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under
2 | section 1983, and this dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).[3]

4 | IT IS SO ORDERED.

5 | Dated:   **June 13, 2011**                          /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] The Court expresses no opinion as to the merits of Plaintiff's state law claims. In the absence of any viable federal claims, the Court declines to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).