# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:09-cv-01993-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 25) |
| KELLEY HARRINGTON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff William Nible, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 13, 2009. On February 8, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on May 9, 2011, and on June 14, 2011, the Court dismissed this action, with prejudice, for failure to state a claim under section 1983. Id. On November 3, 2011, Plaintiff filed a motion for reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

1

or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff seeks leave to file a second amended complaint because he believes he can cure the deficiencies in his due process claim given the assistance he obtained in drafting his proposed second amended complaint.[1]  In his motion, Plaintiff argues that he has a viable claim for denial of due process because the state has created protected liberty interests in yard, recreation, entertainment, and telephone access by virtue of the use of mandatory language in the relevant regulations.

In 1995, the Supreme Court of the United States made clear that in determining the existence of state-created liberty interests, the focus should *not* be on the mandatory language of prison regulations.  Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995) ("[T]he search for a negative implication from mandatory language in prison regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause" and "[t]he time has come to return to the due process principles" previously correctly established.).  Rather, liberty interests created by prison regulations are generally limited to freedom from restraint which "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Wilkinson v. Austin, 545 U.S. 209, 223, 125 S.Ct. 2384 (2005) (quoting Sandin, 515 U.S. at 484); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In screening Plaintiff's original and amended complaints, the Court carefully considered the facts offered in support of Plaintiff's due process claim and it provided Plaintiff with the relevant Sandin standard.  Plaintiff's contention that the state created a protected liberty interest in yard,

---

[1] Erroneously identified by Plaintiff as the third amended complaint.

2

1 | recreation activities, and entertainment during non-working/training hours through the use of

2 | mandatory language in its regulation(s) is rejected, and under Sandin, Plaintiff does not have a liberty

3 | interest in these privilege/rehabilitative programs. Wilkinson, 545 U.S. at 223; Sandin, 515 U.S. at

4 | 484.

5 |      Plaintiff also seeks to add new claims for violation of the First Amendment.[2]  The Court

6 | declines to set aside judgment and reopen this case so that Plaintiff may attempt to assert new claims

7 | not previously articulated. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); Marlyn Nutraceuticals, Inc.,

8 | 571 F.3d at 880; Harvest, 531 F.3d at 749.

9 |      In conclusion, Plaintiff has not met his burden as the moving party.  The Court did not

10 | commit error in finding that Plaintiff's amended complaint failed to state any claims under section

11 | 1983, and Plaintiff concedes that it did not.  (Motion, court record p. 4, ln. 13.)  Plaintiff's renewed

12 | argument regarding the existence of a liberty interest lacks merit and justice does not require setting

13 | aside judgment so that Plaintiff may raise new claims in a second amended complaint.

14 |      Accordingly, Plaintiff's motion for reconsideration, filed on November 3, 2011 is HEREBY

15 | DENIED, with prejudice.

18 | IT IS SO ORDERED.

19 | **Dated:    April 13, 2012**                              /s/ Sheila K. Oberto
   |                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff previously asserted claims for violation of the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and it is those claims which have been dismissed, with prejudice, for failure to state a claim.  (Docs. 18, 19.)